**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elroy Gutierrez,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-18-08209-PCT-MTL<br><br>**ORDER** |

Magistrate Judge James Metcalf's Report and Recommendation ("R&R") (Doc. 16) recommends that this Court deny Petitioner Elroy Gutierrez's Petition for Writ of Habeas Corpus (the "Petition"). (Doc. 1.) Petitioner filed an Objection and the Respondents submitted a Response. (Docs. 17 & 18.) The Objection is overruled. The Court adopts the R&R and dismisses the Petition.

**I.    BACKGROUND**

Petitioner was driving a vehicle, accompanied by a passenger. (Doc. 13-1 at 124.) An Arizona Department of Public Safety state trooper was parked on a highway median when Petitioner's vehicle passed. (*Id*.) Petitioner slowed the vehicle below the speed limit. (*Id*.) After Petitioner applied the brakes twice without an apparent reason and his tires passed the white-fog line marking the lanes, the trooper initiated a traffic stop. (*Id*.) During the stop, the trooper discovered that Petitioner was driving on a suspended license. (Doc. 13-2 at 17.) The trooper further questioned Petitioner and the passenger, who each gave inconsistent statements about the nature of their trip. (Doc. 13-1 at 124.) The trooper

requested a drug canine unit to assist. (*Id.*) The drug dog subsequently alerted on the vehicle. (*Id.*) A search of the vehicle revealed two handguns, heroin, meth and a syringe. (*Id.*) Petitioner admitted that he used heroin earlier that day. (*Id.*) He also voluntarily gave a urine sample, which evidenced heroin, methamphetamine and marijuana use. (*Id.*)

After a joint trial with his passenger, a jury convicted Petitioner of aggravated DUI, transporting a dangerous drug for sale, possessing a narcotic drug, possessing drug paraphernalia and two counts of misconduct involving weapons. (*Id.*) The superior court sentenced Petitioner to concurrent prison terms, the longest of which was 14 years. (*Id.*)

The Arizona Court of Appeals affirmed his convictions. (Doc. 13-1 at 136.) The Arizona Supreme Court denied review. (Doc. 13-2 at 2.) He then filed a post-conviction relief ("PCR") notice, and PCR counsel was appointed to assist him. (*Id.* at 4-6.) After reviewing the record, Petitioner's PCR counsel withdrew from the case, indicating that he could find no colorable claims to raise in a PCR Petition. (*Id.* at 11-13.) Petitioner then filed a *pro per* PCR petition. (*Id.* at 16-25.) The PCR petition alleged ineffective assistance of trial and appellate counsel, conflict of interest with trial counsel and ineffective assistance of PCR counsel. (*Id.*) More specifically, Petitioner argued that his attorneys failed to challenge the completeness of the state's disclosures about evidence (*id.* at 19), failed to challenge whether all evidence was legally obtained (*id.*), failed to make certain admissibility challenges (*id.*), failed to hire an investigator to inquire into police misconduct (*id.* at 20), failed to move for dismissal (*id.*), and failed to object to an unspecified change during jury deliberations (*Id.* at 23). He also faulted PCR counsel for withdrawing. (*Id.* at 18.) The PCR court denied relief. (*Id.* at 45.) The Arizona Court of Appeals, in a memorandum decision, denied relief. (*Id.* at 55-56.) Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court. (Doc. 1.)

## II. LEGAL STANDARD ON WRIT OF HABEAS CORPUS

"When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'"

*Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (*quoting* 28 U.S.C. § 2254). The Court shall not grant the petition unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A court reviewing a habeas petition should look to the last reasoned state court decision to address the issues for which a petitioner seeks relief. *See Wilson v. Sellers*, __ U.S. __, 138 S. Ct. 1188, 1192 (2018). However, if the state court clearly overlooked a federal claim presented to it, *de novo* review applies. *Johnson v. Williams*, 568 U.S. 289, 303 (2013).

This Court reviews *de novo* those portions of the Magistrate Judge's report subject to an objection. 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* District courts are not required to review "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III. DISCUSSION OF MR. GUTIERREZ'S HABEAS PETITION

The Petition raises seven grounds for relief. Petitioner alleges (1) the trial court abused its discretion by failing to suppress evidence obtained from an allegedly unlawful traffic stop; (2) the trial court abused its discretion by denying a motion to sever Mr. Gutierrez's trial from his co-defendant's; (3) the State placed Mr. Gutierrez in double jeopardy by charging him with two weapons charges when both weapons were possessed at the same time; (4) the trial court imposed a vindictive sentence; (5) the trial court abused its discretion by misapplying state sentencing law; (6) ineffective assistance of trial counsel; and (7) ineffective assistance of appellate and post-conviction relief counsel.

/ / /

### A. Ground One: Abuse of Discretion Due to Failure to Suppress Evidence from an Unlawful Traffic Stop

Petitioner claims that "[t]he initial stop was unreasonable and illegal under the 4th and 14th Amendments of the Constitution and Federal law" because it "exceed[ed] the time needed to handle the matter for [which] the stop was made." (Doc. 17 at 4.) The Objection purports to challenge both the initial stop and the subsequent investigative detention. The Petition itself only challenged the initial stop. The district court may, in its discretion, consider arguments raised for the first time in an objection. *See Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). The Ninth Circuit has said that in exercising that discretion, *pro se* petitioners should be afforded the benefit of the doubt. *Brown*, 279 F.3d at 746. The Court, in its discretion, addresses both arguments since the Court can dispose of the extended detention claim using an analysis like that used for the initial stop and because of the general preference for granting leeway to *pro se* petitioners.

The R&R correctly identified Petitioner's argument in Ground One as a request to enforce the exclusionary rule. (Doc. 16 at 6.) With respect to the initial stop, the R&R also correctly determined that habeas review is not available here because Petitioner has not shown that "the State has [not] provided an opportunity for full and fair litigation of a Fourth Amendment claim. . . ." *Stone v. Powell*, 428 U.S. 465, 482 (1976); *see also Newman v. Wengler*, 790 F.3d 876, 878 (9th Cir. 2015). (Doc. 16 at 7.) The Court finds that the same reasoning applies to Petitioner's argument about the length of the subsequent investigative detention. At a suppression hearing before the trial court, Petitioner challenged his continued detention beyond the initial traffic stop. (Doc. 13-2 at 71.) He did not, but could have, raised the issue on direct appeal. (Doc. 13-1 at 31-39.) Because Petitioner has been afforded a full and fair opportunity to litigate the lawfulness of the investigative detention, that Fourth Amendment claim is not reviewable in a federal habeas action. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do

so or even whether the claim was correctly decided.").

The Court overrules this objection and denies Petitioner's request for relief on Ground One.

### B. Ground Two: Abuse of Discretion Due to Denial of Motion to Sever Trial

Petitioner argues that "the trial court failed to adhere to federal law by failing to sever petitioner's case from his co-defendant, despite their antagonistic defenses, and was thereby prejudiced with no chance for an acquittal." (Doc. 1 at 7.) The R&R correctly explains, however, that separate trials are not required under federal statutory or constitutional law, even when defendants raise mutually antagonistic defenses. (Doc. 16 at 13.) The R&R further reasons that any prejudice was mitigated by the trial court's instruction that the jury may only convict him "based upon that defendant's own conduct and from the evidence which applies to that defendant, as if that defendant were being tried alone." (Exh. G, Opinion at ¶ 17; Doc. 13-1 at 128-29); *see also Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.").

Petitioner's Objection largely reiterates the assertions in his Petition rather than raising specific concerns about the R&R. He argues that "a district court should grant a severance under Rule 14 if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants and/or prevent[] the jury from making a reliable judgment about guilt or innocence. Denial of a motion to server trial violates due process. Trial should be render[e]d 'fundamentally unfair.'" (Doc. 17 at 4.)

Because the R&R correctly found that separate trials were not required under federal law, this Court overrules Petitioner's objection, adopts the R&R and denies Petitioner's request for relief on Ground Two.[1]

### C. Ground Three: Double Jeopardy

Petitioner argues that double jeopardy attached when prosecutors charged him with

---

[1] Petitioner argued on direct appeal that the trial court abused its discretion in denying his motion to sever. (Doc. 13-1 at 39-43.) But the Arizona Court of Appeals decided the issue solely on state law grounds. (*Id* at 127-129.) Because Petitioner fairly presented this federal claim in state court, the R&R properly engaged in *de novo* review of the merits. *Johnson v. Williams*, 568 U.S. 289, 303 (2013).

two counts of misconduct with weapons. (Doc. 1 at 8.) The Petition further argues that possession of two weapons while he was transporting drugs should constitute a single offense. (*Id*.)

The R&R found that double jeopardy did not attach. (Doc. 16 at 16.) It noted that the "Arizona Court of Appeals held that the statute under which Petitioner was convicted made [possession of] each [handgun] a separate offense." (*Id*.) The Court agrees. The dispositive question is whether the legislature meant to count each weapon as a separate unit of prosecution.[2] *See Bell v. United States*, 349 U.S. 81, 83 (1955). The Arizona Court of Appeals has determined that as a matter of state law, A.R.S. § 13-3102(A)(8) allows each deadly weapon possessed during the commission of a felony drug offense to be prosecuted separately. (Doc. 13 at 9; Doc. 18 at 2-4; *See also* Exh. G ¶ 24-25.)

Petitioner's Objection merely restates the arguments in his Petition that double jeopardy applies and that his conviction "imposed an unauthorized multiple punishment" (Doc. 17 at 5.) This is not sufficient to put the Court on notice as to where Petitioner believes the R&R erred, and the Court need not further address this ground. *See Eagleman v. Shinn*, No. CV182708PHXRMDTF, 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019).

Accordingly, the Court overrules Petitioner's objection and denies Petitioner's request for relief on Ground Three for the reasons explained in this section.

### D. Ground Four: Vindictive Sentencing for Petitioner's Going to Trial In Lieu of Accepting a Plea Deal

Petitioner argues that the trial court unreasonably applied *Alabama v. Smith*. That case holds that there is no presumption of judicial vindictiveness merely because a judge imposes a greater sentence after trial than he did after a now-vacated plea. *Alabama v. Smith*, 490 U.S. 794, 801 (1989). (Doc. 17 at 5.) He does not elaborate on this argument. The Court agrees with the R&R's reasoning that "Petitioner fails to show that under the

---

[2] The R&R also applied *Blockburger v. United States*, which holds that a single act may constitute more than one offense if each of the charged offenses has at least one distinct element. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The State argues that this test is inapposite because *Blockburger* focuses on a single act that constitutes more than one crime. (Doc. 18 at 3-4.) The Court agrees with the State that this is a unit of possession issue rather than a *Blockburger* issue.

circumstances, there is a reasonable likelihood that the high post-trial sentence resulted from vindictiveness, such that the presumption of vindictiveness should apply." (Doc. 16 at 21.) Accordingly, the Court overrules Petitioner's objection, adopts the R&R as to Ground Four and denies Petitioner relief on this ground.

### E. Ground Five: Abuse of Discretion Due to Misinterpreting State Sentencing Law

Petitioner argues that the trial court should have imposed a sentence that allowed him to earn early release credits, rather than a flat-time sentence, which does not. (Doc. 1 at 10.) He further claims that the trial judge violated federal law by not applying the correct sentencing provision of the statute that bans transporting a dangerous drug. (*Id.*)

The R&R recognized that a due process claim based on a sentencing error might be possible if Petitioner shows that (1) a state law error occurred; and (2) the error was egregious. (Doc. 16 at 28.) The R&R reasons that the Arizona Court of Appeals' holding that there was no error is dispositive for the purposes of habeas review. (*Id.* at 30.) Petitioner argues, however, that the habeas court should find that in presenting his state law claims, he also raised federal claims. (Doc. 17 at 5-6.) He then argues that by citing *Souch v. Schaivo*, 289 F.3d 616 (9th Cir. 2002), the R&R admits that state law errors exist. (Doc. 17 at 6.) This argument mischaracterizes what the Magistrate Judge wrote.

The R&R analyzed whether a state due process claim might be possible here. (Doc. 16 at 28-30.) It rightly concluded that because the Arizona Court of Appeals held that the trial court did not err in applying Arizona law, no state law error occurred. (*Id.* at 30.) A federal court sitting in habeas may not, through fiat, overrule a state court of last resort's binding decision about what state law means. *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) ("[w]e are not a state supreme court of errors."). This Court therefore overrules the objection, adopts the R&R and denies relief with respect to Ground Five.

### F. Grounds Six and Seven: Ineffective Assistance of Counsel

In Ground Six, Petitioner alleged that his trial counsel was ineffective for failing to challenge the completeness of the state's disclosures and failing to hire an investigator to

investigate alleged law enforcement misconduct. In Ground Seven, Petitioner alleged ineffective assistance of appellate and PCR counsel for failure to have an investigator examine potential law enforcement misconduct, failure to challenge the admissibility and relevance of certain evidence, and failure to challenge an unspecified change to jury instructions that allegedly occurred during or immediately before jury deliberations. (Doc. 1 at 12; Doc. 17 at 8.) Ground Seven also alleges that PCR counsel violated federal law by filing a brief stating that he could not find any colorable claims to raise in post-conviction proceedings (*Id.*)

Grounds Six and Seven of the Petition both deal with ineffective assistance of counsel. Given their similarity, the R&R addresses Ground Six and Ground Seven together. The Objection also deals with both grounds at the same time. It is well established that counsel is ineffective when (1) counsel's performance falls below the objective standard of reasonableness; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). As the R&R rightly noted, there is no constitutional right to effective assistance of PCR counsel for non-pleading defendants who were entitled to a direct appeal with the assistance of counsel. (Doc. 16 at 35.) Therefore, the Court does not address allegations that PCR counsel was ineffective. (*Id.*); *see also* 28 U.S.C. 2254(i).

The Objection argues that counsel should have hired an investigator to examine potential issues relating to the evidence's chain of custody, a warrantless search, fabrication of reasonable suspicion, and the length of the stop. (Doc. 17 at 6.) Petitioner asserts, without explanation, that the failure to investigate would have affected the outcome of trial. (*Id.*) In the Objection, Petitioner argues that trial, appellate and PCR counsel all should have "examined the actions by [the trooper] and found out that the stop was illegal and [ask the court to] suppress[] the evidence and vacate[] the conviction." (*Id.* at 7.) The Objection also argues that counsel should have questioned whether the length of the traffic stop was unconstitutional. (*Id.* at 7.) Petitioner also uses the Objection to repeat his argument that

| | |
|---|---|
| 1 | counsel should have challenged a change to jury instructions. (*Id*. at 8.) This objection |
| 2 | does not explain the specifics of what that change was or how it might have affected the |
| 3 | ruling, therefore the R&R rightly decided this issue. |
| 4 |       Though Petitioner's Objection provides additional specificity concerning what he |
| 5 | claims his attorneys failed to do, the dispositive facts that the R&R expresses have not |
| 6 | changed. Petitioner still offers no proof that there was any misconduct involving evidence, |
| 7 | or how an investigator would have discovered it. (Doc. 16 at 36.) As to Petitioner's |
| 8 | argument that his appellate counsel was ineffective for failing to challenge the length of |
| 9 | the stop, the Court finds that Petitioner did not properly present that claim in state court |
| 10 | PCR proceedings or in his Petition. The Court therefore declines to address that claim in |
| 11 | the first instance. *See Howell*, 231 F.3d 615 (9th Cir. 2000). |
| 12 |       Accordingly, the Court overrules the Objection, adopts the R&R and denies |
| 13 | Petitioner relief on this ground. |

### G. Certificate of Appealability

| | |
|---|---|
| 15 |       Petitioner alternatively asks the Court (part of Doc. 17) to issue a certificate of |
| 16 | appealability. Petitioner must obtain a certificate of appealability before he may appeal |
| 17 | this Court's judgment. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the |
| 18 | Rules Governing Section 2254 Cases. This Court must issue or deny a certificate of |
| 19 | appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules |
| 20 | Governing Section 2254 Cases. A certificate of appealability may only issue when the |
| 21 | petitioner "has made a substantial showing of the denial of a constitutional right." 28 |
| 22 | U.S.C. § 2253(c)(2). With respect to claims rejected on the merits, a petitioner must |
| 23 | "demonstrate that reasonable jurists would find the district court's assessment of the |
| 24 | constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). |
| 25 |       Upon review of the record, the Court finds that reasonable jurists would not find the |
| 26 | Court's assessments of the constitutional claims debatable or wrong. |
| 27 | / / / |
| 28 | / / / |

**IV.  Conclusion**

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. 16) is adopted as modified on Page 6, note 2, herein.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is denied and dismissed with prejudice.

**IT IS FURTHER ORDERED denying** Petitioner's request for a Certificate of Appealability.  (Part of Doc. 17.) A Certificate of Appealability shall not issue, as the resolution of the petition is not debatable among reasonable jurists.

**IT IS FINALLY ORDERED** that the Clerk of Court enter judgment.

Dated this 20th day of March, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge